**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| )  Plaintiff, ) | Case No. 2:12-cr-00067-LRH-GWF |
| vs. ) | **ORDER** |
| ) | |
| DAVID JOHNSON, ) | |
| )  Defendant. ) | |

This matter is before the Court on Defendant's Motion to Compel Discovery of the Confidential Informant File (#22), filed on July 24, 2012; the Government's Response in Opposition to Defendant's Motion to Compel (#27), filed on July 31, 2012; and the Defendant's Reply to the Government's Opposition to Motion to Compel (#29), filed on August 1, 2012. A hearing on this motion and Defendant's Motion to Suppress for Fourth Amendment and Fifth Amendment Violations (#17) is set for August 13, 2012.

**BACKGROUND**

The indictment in this case charges Defendant David Johnson with possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1) and §924(a)(2). The indictment arises out of the seizure of two firearms during the November 16, 2010 search of an apartment in which Defendant was allegedly residing. According to the Application and Affidavit for Search Warrant prepared by Detective C. Tucker of the Las Vegas Metropolitan Police Department (LVMPD) on November 16, 2012:

> I, Detective C. Tucker, P# 7175 received information from a reliable confidential informant reference narcotics sales at 203 Jefferson Avenue in Las Vegas, Nevada 89106. The CI stated that the . . .

> individual has a moniker of D-Boy and would be located in the second apartment from the north alley. Detectives from GCB6 [Gang Crimes Bureau] arrived at 203 Jefferson in the north alley. The apartment . . . property appeared to be abandoned. It was a fenced property. It was posted no trespassing. The gate was padlocked and chained closed. There were hanging wires from the building. No lighting on the property was observed and the only way onto the property was through a gap in the fence where the wrought iron bars had been pried off. As Detective Mendoza ... and Detective J. Bonaguidi ... went through fence and walked around the corner of the building they observed a black male exit the second apartment. At that time Detective Mendoza verbally identified himself as a police officer. When the subjects (sic) observed the detectives who were in full uniform of the day, he turned and ran backwards towards the apartment. ... Detective Mendoza and Bonaguidi were right behind the subject as he attempted to shut the security gate which does not have a latch nor lock so it remained open. The subject then ... attempted to close the inside door which also does not have a ... doorknob and remained partially opened. Detective Mendoza then pushed the door open for officer safety to observe the location of the subject. The subject was standing in the doorway. The detectives then took the subject by the arm and had him exit . . . .

*Motion to Compel Discovery (#22), Exhibit A, pgs.00041-42.*[1]

According to the affidavit, once the "subject" was outside, Detective Tucker questioned him about his identity and whether he resided in the apartment. The subject identified himself as David Johnson and stated that he was leasing the apartment and paid $350 a month to stay there. Defendant was also asked if there was anyone else in the apartment and he said that his girlfriend was asleep inside. The affidavit then states:

> Detectives observed from the open door a female sleeping on the couch. Detective Mendoza also saw in plain view from the open door what was immediately recognizable to him to be the barrel enclosed in a slide of a semi-automatic handgun in an open case that was lying on the futon across from the open door.

*Id. pg. 00042.*

---

[1]The Government states in its oppositions to Defendant's motions to suppress and to compel discovery, that the confidential informant also "provided information that the individual was traveling on a bicycle, dangerous and a convicted felon. Further the CI advised that if they viewed the bicycle at the residence, then the individual known as 'D-boy' would likely be present." *Government's Response to Motion to Suppress (#23), pg.2; Opposition to Defendant's Motion to Compel (#27), pg. 2.* This additional information was not set forth in Detective Tucker's affidavit for the search warrant or in the police reports that have been attached to the parties' briefs.

The detectives ran a records check on Defendant which revealed that he was a convicted felon. *Id.* Based on the foregoing information, Detective Tucker applied for a warrant to search the premises for firearms and related items which was granted by a Clark County, Nevada justice of the peace. Pursuant to the warrant, the officers seized two firearms found in the apartment.

Defendant argues in his motion to suppress that the police officers violated his rights under the Fourth Amendment in two ways. First, the police entered into the curtilage of Mr. Johnson's home without having first obtained a search warrant. Second, again without a warrant, the police opened the door to the apartment and removed Defendant from the apartment. Defendant argues that no exception to the Fourth Amendment's warrant requirement applies in these circumstances and that evidence resulting from the unlawful entry should be suppressed.[2]

The Government responds by arguing that Defendant does not have standing to assert a violation of the Fourth Amendment. The Government contends that Defendant was a trespasser or unlawful squatter on the apartment property and therefore had no reasonable expectation of privacy in the premises. The Government has submitted an affidavit by the alleged owner of the property, James Gordon, stating that he did not know David Johnson, that he had not rented an apartment to him and that the apartment building was vacant before and after the date of the November 16, 2010 search. The Government also argues that even if Defendant had an expectation of privacy in the apartment and its curtilage, the officers did not violate the Fourth Amendment. The Government asserts that the police had reasonable suspicion that criminal activity was occurring on the premises based on the informant's tip, the fact that the property appeared vacant, and the officer's observation of the bicycle inside the fenced-in area which the informant stated would indicate that the drug dealer known as D-Boy was probably present. The Government argues that these facts provided the officers with exigent circumstances to justify their entry onto the property without a warrant. *Opposition to Motion to Suppress (#23), pgs. 10-11.*

. . .

---

[2]Defendant also contends that the police violated his Fifth Amendment rights by interrogating him about his identity and residency in the apartment without having first informed him of his *Miranda* rights.

**DISCUSSION**

In *United States v. Henderson*, 241 F.3d 638, 645 (9th 2001), the Ninth Circuit set forth the standard governing the disclosure of a confidential informant's identity and other information relating to the informant:

> The government has a limited privilege to withhold an informant's identity. *See Roviaro v. United States,* 353 U.S. 53, 59–61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). This privilege serves several important law enforcement objectives, including encouraging citizens to supply the government with information concerning crimes. *See id.; see also McCray v. Illinois,* 386 U.S. 300, 308–09, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *United States v. Vargas,* 931 F.2d 112, 115 (1st Cir.1991). To obtain disclosure, a defendant must show a need for the information, *see United States v. Spires,* 3 F.3d 1234, 1238 (9th Cir.1993) (citing *United States v. Sai Keung Wong,* 886 F.2d 252, 256 (9th Cir.1989)), and in doing so, must show more than a "mere suspicion" that the informant has information which will prove "relevant and helpful" to his defense, or that will be essential to a fair trial. *See Amador– Galvan,* 9 F. 3d at 1417; *United States v. Williams,* 898 F.2d 1400, 1402 (9th Cir.1990). Balancing the defendant's and the government's interests, a district court must hold an in camera hearing whenever the defendant makes a "'minimal threshold showing' that disclosure would be relevant to at least one defense." *Spires,* 3 F.3d at 1238 (citing *Sai Keung Wong,* 886 F.2d at 256); *see also Amador– Galvan,* 9 F. 3d 1414, 1417 ( 9th Cir. 1993). Such an in camera hearing is advantageous because it poses "little risk of disclosing the identity of the informant" and may provide many of the same benefits as disclosure itself, especially when defense counsel may participate under an order not to reveal any information disclosed during the hearing. *Spires,* 3 F.3d at 1238.

Defendant has the burden of establishing standing to challenge the lawfulness of a search under the Fourth Amendment by showing that he had a legitimate expectation of privacy in the place searched or the items seized. *United States v. Ziegler*, 474 F.3d 1184, 1189 (9th Cir. 2007). In this case, the Government disputes Defendant's standing to assert a violation of the Fourth Amendment on the grounds that Defendant was a trespasser or unlawful squatter on the premises. *See Zimmerman v. Bishop Estate*, 25 F.3d 784, 787 (9th Cir. 1994); *United States v. Dodds*, 946 F.2d 726, 728 (10th Cir. 1991); and *United States v. Whitehead*, 415 F.3d 583 (6th Cir. 2005) (holding that a trespasser or squatter has no legitimate expectation of privacy in the premises that he unlawfully occupies). In support of its argument, the Government relies on appearance of the property, including that the apartment building was surrounded by a wrought iron fence, the gate was locked with a chain and padlocked, a "No Trespassing" sign was posted, and the building

appeared to be abandoned and unoccupied.  The Government has also submitted an affidavit by the alleged owner of property, James Gordon, who states that he does not know Defendant David Johnson and has never rented an apartment to him.  Mr. Gordon's affidavit also states that "203 Jefferson apt. #2, Las Vegas, NV was vacant from early 2010, through Nov of 2010, and stayed vacant as of Today's date of 7-18-12."  *Government's Opposition to Motion to Suppress (#23), Exhibit 6.*

Defendant David Johnson has submitted an affidavit in response to the Government's opposition in which he states that the manager of the apartment building, who apparently resided next door in another unit, gave him permission to be on the property.  Defendant also indicates that the manager of the apartment building was present after the officers detained the Defendant and that the manager told the officers that Defendant had permission to be on the premises.  After the officers questioned the manager's statement or authority, the manager attempted to call the owner, "James Gordo," to vouch that he owned the property and had assigned the individual as manager.  The manager was unable to contact the owner at that time.  *Reply (#24), Exhibit D.*  Defendant's reply brief also asserts that James Gordon III was a joint tenant of the property with James Gordon and that James Gordon III authorized an individual named Kyle Johnson to manage the property and rent out other units.  Kyle Johnson allegedly rented apartment unit #2 to Defendant's girlfriend, Tara Harris, "who gave David Johnson permission to stay the night on the property and on several other occasions."  *Reply (#24), pg. 3.*  James Gordon III is now reportedly deceased.  It is unclear whether Kyle Johnson or Tara Harris will be available to testify at the evidentiary hearing on the motion to suppress.

Defendant's counsel argued at the hearing on July 31, 2012 that the confidential informant may have knowledge about the Defendant's occupancy of the property that is relevant to the issue of Defendant's standing to challenge the entry.  Defendant points to Detective Tucker's affidavit that the informant stated that the person selling drugs at 203 Jefferson "has a moniker of D-Boy and would be located in the second apartment from the north alley."  *Motion to Compel Discovery (#22), Exhibit A, pg. 00041.*  Defendant also references the Government's subsequent assertion that the informant stated that D-boy travels on a bicycle, is dangerous and is a convicted felon.  The

informant also reportedly stated if a bicycle was observed at the apartment building, then D-boy would likely be present. This information indicates that the informant also had some knowledge about the background of D-Boy and his physical presence on the property.

The Government argues that even if Defendant has standing to challenge the legality of the entry, the officers' entry was lawful based on their reasonable suspicion that criminal activity was taking place on the property and the presence of exigent circumstances that justified entry without a warrant. In support of this argument, Government relies, in part, on the informant's tip that narcotics were being sold from the apartment building. *Opposition to Motion to Suppress (#23), pg. 10.*

Based on the foregoing, the Court finds that Defendant has made the required threshold showing for an *in camera* hearing regarding the identity of the informant, the substance of the information that the informant provided to the police officers, and whether the informant was reliable. An *in camera* hearing is also justified to determine whether the informant has any knowledge relating to whether Defendant was a trespasser or was lawfully present on the subject premises at the time of the officer's entry and subsequent search.

The Government states that "[i]f the Court feels that an *in camera* review of the CI file is necessary to make this determination, the Government will provide the file upon the Court's request." *Opposition to Motion to Compel (#27), pg. 9.* In view of the foregoing, the Court directs the Government to provide a copy of the CI file under seal to the Court's chambers for *in camera* review. This does not mean, however, that production of the CI file for *in camera* review will alone be sufficient to satisfy the requirement for an *in camera* hearing. The Court will entertain further oral argument on this issue at the hearing presently scheduled for August 13, 2012. Accordingly,

. . .

. . .

. . .

. . .

. . .

**IT IS HEREBY ORDERED** that the Government shall deliver a sealed copy of the file regarding the confidential informant to the undersigned magistrate judge's chambers for *in camera* review by 5:00 P.M. on **Thursday, August 9, 2012**.

DATED this 7th day of August, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge